UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) Civil Action No. _____ |
| v. | ) ) |
| MT. MORRIS MUTUAL INSURANCE COMPANY, | ) **COMPLAINT** ) (Jury Trial Demand) ) |
| Defendant. | ) ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex (pregnancy) and to provide appropriate relief to Charissa Black Slife, who was adversely affected by such practices. As stated with greater particularity in Paragraph 7 below, the plaintiff Equal Employment Opportunity Commission alleges that the defendant, Mt. Morris Mutual Insurance Company, discriminated against Slife based on her sex and pregnancy by terminating her employment because of her pregnancy.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3. The plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, the defendant, Mt. Morris Mutual Insurance Company ("MMMIC"), has continuously been a Wisconsin corporation doing business in the State of Wisconsin and Village of Coloma, and has continuously had at least 15 employees.

5. At all relevant times, MMMIC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Charissa Black Slife ("Slife") filed a charge with the EEOC alleging violations of Title VII by MMMIC. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least December 2002 to the present, MMMIC has engaged in unlawful employment practices at its facility located at N1211 County Road B, Coloma, Wisconsin, 54930-8729, in violation of of Section 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1), by discharging Slife from her position as a Claims Assistant because she was pregnant.

8. The effect of the practices complained of in Paragraph 7 has been to deprive Slife of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and pregnancy.

9. The unlawful employment practices complained of in Paragraph 7 above were, and are, intentional.

10. The unlawful employment practices complained of in Paragraph 7 above were done by MMMIC with malice or with reckless indifference to Slife's federally-protected rights.

PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining MMMIC and its officers, successors, and assigns, and all persons in active concert or participation with them, from engaging in discrimination based on sex (pregnancy).

B. Order MMMIC to implement practices, and programs which provide equal employment opportunities for pregnant women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order MMMIC to make whole Charissa Black Slife by providing appropriate back pay with pre-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including (but not limited to) rightful-place reinstatement.

D. Order MMMIC to make whole Charissa Black Slife by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 7 above, in amounts to be determined at trial.

E. Order MMMIC to make whole Charissa Black Slife by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 7 above, including emotional pain, suffering, loss of enjoyment of life, and humiliation caused by

MMMIC's discriminatory treatment of her, in amounts to be determined at trial.

F. Order MMMIC to pay Charissa Black Slife punitive damages for its malicious and reckless conduct described in Paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

        Eric Dreiband
        General Counsel

        James Lee
        Deputy General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
        1801 "L" Street, N.W.
        Washington, D.C. 20507

Dated: September 2, 2005
        Jean P. Kamp
        Regional Attorney

Dated: September 2, 2005
        Rosemary Fox
        Supervisory Trial Attorney

Dated: September 2, 2005
        Dennis R. McBride
        Senior Trial Attorney

        EEOC Milwaukee District Office
        310 West Wisconsin Avenue - Suite 800
        Milwaukee, WI 53203-2292
        *Telephone*: (414) 297-4188  *Fax*: (414) 297-3146
        *E-mail*:  dennis.mcbride@eeoc.gov