# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,        Case No. 05-C-951

        v.

MT. MORRIS MUTUAL INSURANCE
COMPANY,

        Defendant.

## OPINION AND ORDER

The parties to this case have entered into a consent decree which the court has approved. Therefore, the court ORDERS that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall enter a final judgment as a separate document. See Federal Rule of Civil Procedure 58. This judgment shall provide that:

> Plaintiff Equal Employment Opportunity Commission (EEOC) and Defendant Mt. Morris Mutual Insurance Company (MMMIC) having entered into a consent decree with the approval of the court, the Honorable Thomas J. Curran, District Judge, presiding,
>
> IT IS ORDERED AND ADJUDGED that:
>
> - For two years from the date of entry of this Consent Decree and Order, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing orders that may be required to carry out its purpose.

- MMMIC and its officer, agents, managers (including supervisory employees), successors, and assigns, and all those in active concert or participation with them, are hereby enjoined from engaging in or being a party to any action, policy, or practice that is intended, or is known to them, to discriminate against any employee on the basis of pregnancy. This includes, but is not limited to, terminating the employment of any employee on the basis of pregnancy.

- MMMIC shall provide mandatory annual training concerning the requirements of Title VII to its: (a) human resources employees; (b) supervisors and managers; (c) senior management officials; (d) all employees responsible for the processing of requests by employees for accommodation due to pregnancy; and (e) all employees responsible for the hiring or discharge of employees. The training shall be completed within 90 days of entry of the Consent Decree, and shall be repeated once more approximately one year later. Within 30 days of completion of each annual training session, MMMIC shall give the EEOC's Milwaukee District Office a list of those trained and the date and description of the training provided. Such training shall be conducted by one or more outside trainers chosen by MMMIC with approval by the EEOC's Milwaukee District Office, and shall include, but not be limited to, the lawful hiring and discharge of employees under Title VII and the lawful treatment of female employees who request accommodations based on pregnancy.

- MMMIC shall place a public notice at its facility in Coloma, Wisconsin, for one year from the date of entry of the Consent Decree and Order. The notice shall be conspicuously posted in a location commonly used to post legal, regulatory, and personnel notices for employees, and shall be in the form attached hereto as Exhibit A to the Consent Decree and captioned "Official Notice To All Mt. Morris Mutual Employees."

- For two years from the entry of this Consent Decree and Order, MMMIC shall report to the EEOC's attorneys in writing and on a semiannual basis each June 30 and December 31, starting with June 30, 2006, the name, address, telephone number, and job title of any MMMIC employee who: (a) is terminated, including a summary of the reasons for termination, and/or (b) request accommodations based on pregnancy, including a summary as to the requested accommodation, whether the accommodation was granted, and, if it was not granted, why not. MMMIC shall maintain all documents pertaining to such actions for the full two-year reporting period, and shall make such documents available for inspection by EEOC on 48 hours written notice.

- Pursuant to a settlement executed in December 2005, MMMIC has paid $55,000 to Clarissa Black Slife to compensate her for lost wages, interest on lost wages, and lost benefits based on her alleged discriminatory discharge, and to compensate Slife's private attorney for the hours that he worked on Slife's claim against MMMIC.

- MMMIC has paid Slife an additional $10,000 to compensate her for the emotional distress that she allegedly suffered when MMMIC discharged her and during those months when she subsequently was without work. MMMIC's attorney personally handed the check to Slife's husband, and sent a letter memorializing that event to Slife by certified U.S. mail to Slife at W11827 Cumberland Road, Coloma, WI 54930, and simultaneously mailed a copy of the payment check to the EEOC's attorneys. By agreement, MMMIC did not make any deductions from this check, and Slife shall be responsible for paying any taxes for which she is liable on the $10,000 payment. Slife has executed a release, which is attached to this Consent Decree and Order as Exhibit B, to release MMMIC from further liability for any Title VII or Wisconsin Fair Employment Act claim which Slife now has or claims to have or which she previously had or claimed to have against

3

MMMIC, including claims made in the EEOC discrimination charge.

- MMMIC agrees that, if at any time following the entry of this Consent Decree and Order it receives any oral or written inquiry from a potential employer about Slife, MMMIC shall only provide Slife's dates of employment and, consistent with MMMIC policy, shall not provide any additional information.

IT IS FURTHER ORDERED AND ADJUDGED

that this action is dismissed with prejudice.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 19th day of April, 2006.

        s/ Thomas J. Curran
        Thomas J. Curran
        United States District Judge

4